IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 MAR 27 AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

HUGH L. WHITMAN and ANN M. WHITMAN, )
suing on behalf of themselves and all persons )
similarly situated, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　)
vs. ) CIVIL ACTION NO. CV-01-BE-0193-S
　　　　　　　　　　　　　　　　　　　　　　)
J.C. BRADFORD & CO., L.L.C., a limited liability )
company, PAINEWEBBER GROUP, INC., a )
corporation, PAINEWEBBER, INC., a corporation, )
and W. BISHOP KELLEY, JR., an individual, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )

ENTERED
MAR 27 2002

## STIPULATION AND ORDER OF DISMISSAL

A.　　This action was commenced as a putative class action. As pleaded in the complaint, the putative class consists of customers of J.C. Bradford & Co., LLC and/or PaineWebber Incorporated who used W. Bishop Kelley, Jr. ("Kelley") as their stockbroker and who, on the advice of Kelley, bought shares of Marketing Services Group, Inc. (MSGI) between January 1, 1999 and November 30, 2000. The putative class excludes (a) any person or entity who was employed or affiliated with defendants J.C. Bradford & Co., LLC or PaineWebber Incorporated, and (b) MSGI and any of its employees or affiliates.

B.　　The following putative class members (the "Individually Represented Plaintiffs") are individually represented by the undersigned plaintiffs' attorneys:

| | | |
|---|---|---|
| Adams, Rachel Dare | Burleson, Roger | Davis, Jack |
| Barnes, Donald A. | Clark, Darron & C. Beth | Davis, Carey |
| Beckman, James & Lee | Conner, Terri & William | Davis, Jack & Betty |
| Bertella, Catherine | Conter, Anthony | Davis, Jack Sales & Associates |
| Bertella, Frances | Cooper, Sheila MD | Day, Ben & Tamara |
| Bertella, Renay | Cornelius, Christopher | Denney, Michael & Charlotte |
| Brewer, Dan | Custred, Jonathan | Denton, Harvey |
| Bryant, Patrick & Pamela | Davis, Betty | Denton, Ellen P. |

38

Devaney, Jessie
Donahoo, John
Donahoo, Claire (deceased)
Dueland, David MD
Dukes, Bennie
Dukes, Frances
Dukes, Linda
Duncan, Charles
EJS Foods
England, Adam
Freeman, Sandra Jill
Furio, Peter
Garrett, Charles
Giles, David & Emily
Grace, William
Grammer, John, MD
Green, Loretta
Hamby, Kenneth E
Harmon, Antoinette B.
Harmon, Grady III
Harmon, Jason
Harris, Hattie
Harrison, Richard & Kimberly
Haynes, Mike
Hendrix, Thurston & Mary
Hobson, Woodrow
Holliday, Jimmie & Mary-Katherine
Honeycutt, James
Honeycutt, Loyde Wayne
Horton, Michael
Houser, John
Housh, Billy Joe & Sarah
Housh & Assoc.
Huddleston, Barton MD
Johnson, Roy & Joan
Johnson, Keith & Martha
Luther, Sandra
Luther, George (deceased)
Massey, April
McGee, Larry & Vicky
McGee, Scott
Miller, David A. & Hazel Susan
Miller, Molly
Molina, Richard
Moman, Dale
Moore, Thomas & Jacquelyne M.
Morris, Denise Bertella
Murray, Jerry
Murray, Ila Dean
Patton, Mitchell
Penniman, David
Penniman, Reagan
Price, Gary
Rice, Wayne
Rierson, Charles
Rierson, Chris
Rierson, Joanne
Roberts, Georgia
Robinson, Jacqueline Bertella
Rogers, John R.
Rounds, Robert
Samples, Hazel
Sandy, Pauline
Selden, Jack Wright & Kathleen A. Collier
Shaw, David MD
Shaw, Jeanne
Shaw, Todd Richard
Shear, John ("Buddy") & Deborah
Simmons, Billy & Virginia
Smith, Charles & Linda
Smith, Don
Smith, Warren
Sosnowchik, James
Sosnowchik, Susan
Strange, Luther
Strange, Melissa
Stuart, Ronald & Jeanne
Tittle, Roger, Rita, Todd & Kevin
Trusty, Linda
Turk, Charles & Gail
Turk, Terry
Vaughn, David
Waldrep, Selton
Waldrep, Stacey
Warren, Robert & Connie
Watkins, Betty
Weeks, Hugh G.
West, D Ann
White, Judy (Wilder)
White, Katherine
Whitman, Hugh & Ann
Whitman, Lisa
Whitten, Frieda
Wilder, Roger
Williams, Arthur
Williams, Chester & Regina
Williams, Earnest (Ray) & Beverly Jo
Williams, Gregory Don
Williams, Michael
Wilson, Glenn & Barbara

   C. The Individually Represented Plaintiffs and the corporate defendants believe that there are only approximately 75 members of the putative class (comprising fewer than 60 households) who are not individually represented by counsel or otherwise excluded from the class because their claims are barred by settlement and release, and that therefore a substantial majority of all persons who could be part of the putative class pleaded in the complaint in this action are already individually represented by counsel or otherwise excluded from the class because their claims are barred by settlement and release.

D.  The corporate defendants have always maintained that this case is not susceptible of class action treatment. The Individually Represented Plaintiffs, having engaged in substantial informal discovery and exchange of information over the course of more than one year with defendants J.C. Bradford and PaineWebber, have concluded that it is not feasible to maintain this case as a class action, in part because the requirement that common questions of law and fact predominate cannot be met, and other elements of Rule 23, cannot be satisfied here, and because there is a substantial interest of the Individually Represented Plaintiffs in individually controlling the prosecution of separate actions (see Rule 23(b)(3)(A)), due to factors pertaining to individual suitability and variant damages constituting the principal issues underlying recovery and individual litigation strategies. Instead, the Individually Represented Plaintiffs believe that it is more appropriate for the action to proceed individually only on behalf of the persons and entities listed in paragraph B, *i.e.*, as a "group" action rather than a class action. Those claims of the Individually Represented Plaintiffs have been exhaustively and individually analyzed and settled (or a basis for resolution of such claims has been established in the instance of certain of the Individually Represented Plaintiffs), all subject to Court approval of this stipulation.

Accordingly, it is stipulated:

1.  This action is hereby dismissed with prejudice as to all of the plaintiffs listed in paragraph B above, who have individually appeared in this action through the undersigned counsel, other than Dan Brewer, John Houser, Jack Selden & Kathleen Collier Selden, and Charles & Linda Smith.

2.  The action is hereby dismissed without prejudice as to Dan Brewer, John Houser, Jack Selden & Kathleen Collier Selden, and Charles & Linda Smith, as they have not agreed to settle their claims.

3.  This action is hereby dismissed without prejudice as to all other putative class members.

4. Within 15 business days of the entry of this Order, PaineWebber shall mail, at its expense, a notice in the form attached as Exhibit 1 to all putative class members other than those who have appeared through counsel in this action or otherwise settled their claims, notifying them that this action has been discontinued. The notice shall be sent by first class United States mail to the last known address in PaineWebber's records of each such person or entity.

5. The Clerk of the Court shall enter final judgment in accordance with this stipulation and order and mark this case closed.

Dated: March 27th, 2002

_____
J. Michael Rediker
Thomas L. Krebs
**HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.**
1200 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 facsimile

*Attorneys for Plaintiffs Hugh L. Whitman and Ann M. Whitman*

_____
John R. Chiles
Wilson Green
**BURR & FORMAN, LLP**
SouthTrust Tower
420 North Twentieth Street, Suite 3100
Birmingham, Alabama 35203
(205) 251-3000
(205) 458-5100 facsimile

Peter L. Simmons
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON**
*(A Partnership Including Professional Corporations)*
One New York Plaza
New York, New York 10004
(212) 859-8000
(212) 859-4000 facsimile

*Attorneys for Defendants J.C. Bradford & Co., L.L.C., UBS Americas Inc. [formerly PaineWebber Group, Inc.] and UBS PaineWebber Inc. [formerly PaineWebber Incorporated]*

**It is so ordered.**
Dated: March 27, 2002

_____
Hon. Karon O. Bowdre, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HUGH L. WHITMAN and ANN M. WHITMAN, suing on behalf of themselves and all persons similarly situated,<br>*Plaintiffs,*<br>vs.<br>J.C. BRADFORD & CO., L.L.C., a limited liability company, PAINEWEBBER GROUP, INC., a corporation, PAINEWEBBER, INC., a corporation, and W. BISHOP KELLEY, JR., an individual,<br>*Defendants.* | )<br>)<br>)<br>)   CIVIL ACTION NO. CV-01-H-0193-S<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS NOTICE IS BEING SENT BY ORDER OF THE COURT TO CERTAIN CUSTOMERS OF J.C. BRADFORD & CO., LLC WHO USED W. BISHOP KELLEY AS THEIR STOCKBROKER AND WHO, BETWEEN JANUARY 1, 1999 AND NOVEMBER 30, 2000, PURCHASED SHARES OF MARKETING SERVICES GROUP, INC. (MSGI) IN THEIR J.C. BRADFORD ACCOUNT. PLEASE READ IT CAREFULLY.**

In January 2001, this lawsuit was filed by Hugh and Ann Whitman, not only on their own behalf, but also on behalf of an alleged class of investors consisting of all customers of J.C. Bradford & Co. who used W. Bishop Kelley, Jr. as their stockbroker and who, between January 1, 1999 and November 30, 2000, purchased shares of Marketing Services Group, Inc. (MSGI) in their J.C. Bradford account(s). The complaint alleged, in substance, that Kelley: manipulated the price of MSGI; used postings on the internet to induce people to invest in MSGI; induced clients to invest in MSGI even if the investment was not suitable for them; put an undue concentration of his clients' accounts and portfolios into MSGI securities; engaged in unauthorized trading of MSGI securities in his clients' accounts; and failed to disclose to his clients material facts and risks associated with investing in MSGI securities. The complaint also claimed that J.C. Bradford, and its successor in interest, PaineWebber Incorporated (which had acquired J.C. Bradford), was also liable for Kelley's and/or J.C. Bradford's alleged misconduct, acts and omissions.

Approximately 75 members of the alleged class retained other counsel to represent them individually in pursuing essentially opt out claims of the same nature. In addition, approximately 150 other individual members of the alleged class retained the lawyers who represent Mr. & Mrs. Whitman (the named plaintiffs) to represent them individually in this action. These Individually Represented Plaintiffs in this action engaged in substantial informal discovery and exchange of information over the course of more than one year with defendants J.C. Bradford and PaineWebber (referred to collectively, for convenience, as J.C. Bradford). As a result of that information exchange, both the Individually Represented Plaintiffs and J.C. Bradford have concluded in good faith that it is not feasible to maintain this case as a class action, in part because the legal requirement that common questions of law and fact predominate cannot be met here. There are too many differences in the legal and factual theories applicable to each customer for the case to be pursued appropriately on behalf of all class members equally. Furthermore, there is a substantial interest among many of the Individually Represented Plaintiffs in individually controlling the prosecution of separate claims due to factors pertaining to individual suitability and variant damages, which are key principal issues affecting strategy, recovery and the ability to try claims as a class action.

As a result, the Court has given approval for the class action to be dismissed. The Individually Represented Plaintiffs have agreed to individually-tailored and individually negotiated settlements with J.C. Bradford, and as to them, the case will be dismissed with prejudice. As to all other potential class members, who have not been individually represented in the case, and who have not reached a settlement with J.C. Bradford, the case is being dismissed without prejudice, meaning that those class members' rights have not been affected. Because of the dismissal of the case, all applicable statutes of limitation (which were suspended while the case was pending) have once again begun to run.

Copies of the complaint and the order of dismissal are public documents on file with the Court. Please do not direct any other inquiries to the Court. Inquiries may be directed to the plaintiffs' attorneys:

> J. Michael Rediker, Esq.
> Thomas L. Krebs, Esq.
> HASKELL SLAUGHTER YOUNG &
>   REDIKER, L.L.C.
> 1200 AmSouth/Harbert Plaza
> 1901 Sixth Avenue North
> Birmingham, Alabama 35203
> (205) 254-1497

*By Order of the Court.*
March **27**, 2002

Hon. Karon O. Bowdre
United States District Judge